**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4239**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

SANDRA LARA,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, Chief District
Judge.  (4:09-cr-00232-TLW-5)

Submitted:  November 19, 2013        Decided:  November 21, 2013

Before WYNN and FLOYD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Kathy Price Elmore, ORR ELMORE & ERVIN, LLC, Florence, South
Carolina, for Appellant.  Alfred William Walker Bethea, Jr.,
Assistant United States Attorney, Florence, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sandra Lara pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine and fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2012) and 21 U.S.C. § 846 (2012). The district court sentenced Lara to 135 months' imprisonment, which was the bottom of her advisory Guidelines range. Counsel for Lara has filed this appeal pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal. Although advised of her right to do so, Lara has declined to file a pro se supplemental brief. The Government has not filed a response brief. For the reasons that follow, we affirm.

We have reviewed the transcript of Lara's Fed. R. Crim. P. 11 hearing and conclude that Lara's guilty plea was knowing and voluntary and supported by an independent basis in fact. We thus affirm Lara's conviction.

We next consider the reasonableness of Lara's sentence. When determining a sentence, the district court must calculate the appropriate advisory Guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2012). Gall v. United States, 552 U.S. 38, 49–50 (2007). Appellate review of a district court's imposition of a

2

sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Id. at 41.

The district court followed the necessary procedural steps in sentencing Lara, appropriately treating the Sentencing Guidelines as advisory, properly calculating and considering the applicable Guidelines range, and weighing the relevant § 3553(a) sentencing factors. The court provided sufficient reasoning for the sentence. Furthermore, the within-Guidelines sentence is presumptively substantively reasonable. See United States v. Bynum, 604 F.3d 161, 168-69 (4th Cir. 2010). Neither counsel nor Lara offer any ground upon which to question the substantive reasonableness of Lara's sentence, and we discern none. We thus conclude that the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Lara, in writing, of her right to petition the Supreme Court of the United States for further review. If Lara requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

3

was served on Lara.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED